**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DIANA PHILLIPS, | ) | C. A. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiff Diana Phillips ("Ms. Phillips) brings this action against Metropolitan Life Insurance Company for violation of the Employment and Retirement Income Security Act of 1974, as amended, 29 *U.S.C.* §1001, *et seq.*, ("ERISA"). Ms. Phillips was a participant in the plan, an ERISA welfare benefit plan, as administered by Metropolitan Life Insurance Company. This Complaint challenges the Defendant's unlawful termination of Ms. Phillips' long-term disability income benefits despite medical evidence demonstrating Ms. Phillips' qualification for said benefits, and thereby depriving Ms. Phillips of the appropriate LTD benefits due to her under the plan/policy. Specifically, Ms. Phillips is filing this action to recover benefits due under a policy of insurance to enforce the present rights existing therein, to declare her rights under the terms of the policy, and to recover costs and attorney's fees as provided by ERISA.

### Jurisdiction

2. This Court has personal and subject matter jurisdiction over this case pursuant to 29 *U.S.C.* §1132(e) and (f) because of Defendant's breach of its ERISA obligation to her.

3.     Plaintiff Diana Phillips is a resident the State of Delaware, residing in Milford, Delaware.

4.     Plaintiff Phillips, at all times pertinent, was a participant within the meaning of 29 *U.S.C.* §1002(2)(7) in the group long-term disability ("LTD") plan that was insured by policy number 98416 (hereinafter "Policy") issued to Waverly, Inc., Plaintiff's employer.

5.     Plaintiff Phillips has standing to bring this action under ERISA, 29 *U.S.C.* §1132(a).

6.     Defendant Metropolitan Life Insurance Company has its corporate headquarters located at P.O. Box 14590, Lexington, Kentucky, 40511-4590.

7.     Defendant is a for-profit corporation and does business in the State of Delaware, deriving revenue from its business it conducts in Delaware.

8.     The plan under which the Plaintiff is suing is a group disability plan maintained by Waverly, Inc., and fully insured by a contract of insurance, policy number 98416, issued by Metropolitan Life Insurance Company.

9.     Up until 1997, Ms. Phillips was working full-time for Waverly, Inc., in Baltimore, Maryland.  She has not worked since that time.

10.    The plan's covered class included "all regular hourly, salaried or commissioned employees".

11.    As a full-time employee, Ms. Phillips became insured under the plan.

12.    The policy provides for the payment of LTD benefits to cover the employees who meet all contractual provisions, including the definition of disability.

13.    The terms of the group policy defining disability are:

> Total disability or totally disabled means that, due to injury or sickness you: (1) are completely and continuously unable to perform each of the material duties of your regular job, (2) require the regular care and attendance of a doctor.

14. Ms. Phillips was enrolled in the disability plan.

15. Ms. Phillips received long-term disability benefits on February 13, 1999.

16. Her long-term disability benefits were interrupted when Metropolitan Life Insurance Company terminated her benefits on or about June 2000. Those benefits were reinstated on or about August 28, 2003, after an appeal of her termination of benefits.

17. On June 18, 2003, Mr. Jose Castro issued a vocational assessment/earning capacity report, concluding that Ms. Phillips was unable to work.

18. Her condition has not improved since that time.

19. Her long-term disability benefits were again terminated on February 13, 2005.

20. She has been treated by Dr. Maged Hosny for fibromyalgia and osteoarthritis since April 2005.

21. On or about June 6, 2006, Dr. Hosny submitted a report indicating that she could not work due to chronic pain from her muscle spasms.

22. Plaintiff has been found to be disabled by the Social Security Administration since 1997. This determination was reviewed and affirmed on March 29, 2005.

23. On November 29, 2006, Defendant denied Plaintiff's final appeal of the termination of her disability payments.

24. The Defendant, Metropolitan Life Insurance Company, funds the plan which it administers.

25. The administration used a self-servicing approach to the evidence by selectively relying upon evidence that supported a denial of benefits and rejecting the evidence that supported the granting of benefits to the Plaintiff.

26. Plaintiff has exhausted all administrative remedies.

27. The Defendant breached its fiduciary duty in violation of its fiduciary duty in violation of 29 *U.S.C.* §1132 in the following ways:

   a) MetLife failed to explain how Plaintiff was deemed disabled for 7 years and without any improvement in her physical condition is now considered not disabled;

   b) MetLife failed to acknowledge the findings of the treating physician who diagnosed her with fibromyalgia;

   c) MetLife failed to take into account the subjective complaints of chronic pain;

   d) MetLife failed to take into account the effects of fibromyalgia;

   e) MetLife failed to take into account the side effects of the medications necessitated by the fibromyalgia

   f) There is no vocational evidence or medical evidence to suggest that Plaintiff's condition has improved. She was last determined to meet the disability requirements of Defendant's plan in February 2005;

   g) There has not been any consideration that Plaintiff has been and continues to be found disabled by the Social Security Administration.

27. The Defendant's denial of long-term disability benefits is a violation of 29 *U.S.C.* §1132(a)(1).

WHEREFORE, Plaintiff Diana Phillips prays for the following relief:

a) Declaratory relief that she is entitled to disability benefits, past and present, plus interest;

b) reasonable attorney fees and costs pursuant to 29 *U.S.C.* §1132(a);

c) Alternatively, a remand requiring MetLife to consider all of the evidence and how it impacts upon Plaintiff's ability to work; and

d) Any other relief that this Honorable Court deems appropriate.

GRADY & HAMPTON, LLC


     /S/  John S. Grady
John S. Grady, Esquire (009)
6 North Bradford Street
Dover DE  19904
(302) 678-1265
*Attorneys for Plaintiff*

DATED:	January 25, 2007

5

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DIANA PHILLIPS

**DEFENDANTS**
METROPOLITAN LIFE INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff: **Sussex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New York, New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Grady & Hampton, LLC
6 N. Bradford Street
Dover, DE 19904
(302) 678-1265

Attorneys (If Known)
White & Williams, LLP
824 N. Market Street, Suite 902
PO Box 709
Wilmington, DE 19899-0709
(302) 467-4524

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | PERSONAL PROPERTY | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 370 Other Fraud | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 371 Truth in Lending | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal Property Damage | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | X 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS-Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **29 U.S.C. Section 1132**
Brief description of cause: **Appealing termination of disability benefits**

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 1/26/07
SIGNATURE OF ATTORNEY OF RECORD: /s/ John S. Grady

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____