IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANA PHILLIPS,<br><br>                          Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>                          Defendant. | CIVIL ACTION<br><br>NO. 07-cv-00056-SLR |

## ANSWER TO COMPLAINT

Defendant Metropolitan Life Insurance Company ("MetLife"), through counsel, hereby answers Plaintiffs' Complaint and states as follows:

1. As to the first sentence of this paragraph, MetLife denies that it was in violation of ERISA, otherwise, MetLife lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph. The allegations of the second sentence of this paragraph are admitted. The allegations of the third sentence of this paragraph are denied. As to the fourth sentence of this paragraph, MetLife denies that Plaintiff was "due" benefits under a policy of insurance, otherwise, MetLife lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of this paragraph.

2. MetLife denies that it breached its ERISA obligation, if any, to Plaintiff. The remaining allegations this paragraph constitute conclusions of law to which no responsive pleading is required.

3. MetLife lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. MetLife admits that Plaintiff was a participant in a group long term disability plan that was insured by policy number 98416 issued to Waverly, Inc., Plaintiff's employer. The remaining allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

5. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

6. Denied.

7. Admitted.

8. Admitted.

9. MetLife lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. This paragraph refers to a writing, which speaks for itself, and any inconsistent characterizations thereof are denied.

11. Admitted.

12. This paragraph refers to a writing, which speaks for itself, and any inconsistent characterizations thereof are denied.

13. This paragraph refers to a writing, which speaks for itself, and any inconsistent characterizations thereof are denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. It is admitted that on June 18, 2003, Jose Castro issued a vocational assessment/earning capacity report. The remaining allegations of this paragraph refer to a writing, which speaks for itself, and any inconsistent characterizations thereof are denied.

18. MetLife lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Admitted.

20. MetLife lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. MetLife lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. In addition, a portion of this paragraph refers to a writing, which speaks for itself, and any inconsistent characterizations thereof are denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied.

26. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

27. The allegations of the first paragraph 27 are denied.

27. The allegations of the second paragraph 27 are denied.

WHEREFORE, MetLife denies that the Plaintiff is entitled to the relief requested.

| | |
|---|---|
| | /s/ Phillip Mellet |
| *Of Counsel* | Phillip Mellet (Del Bar ID 4741) |
| Kay Kyungsun Yu | PEPPER HAMILTON LLP |
| PEPPER HAMILTON LLP | 1313 Market Street |
| 3000 Two Logan Square | Wilmington, DE 19899-1709 |
| Eighteenth and Arch Streets | 302.777.6500 |
| Philadelphia, PA 19103 | melletp@pepperlaw.com |
| 215.981.4000 | |
| yukay@pepperlaw.com | *Counsel for Defendant* |
| | *Metropolitan Life Insurance Company* |
| Dated: April 23, 2007 | |

## CERTIFICATE OF SERVICE

I, Phillip Mellet, hereby certify that on this 23rd day of April 2007, I caused to be served a true and correct copy of the foregoing Answer to Plaintiff's Complaint via CM/ECF upon the following:

> John S. Grady, Esq.
> GRADY & HAMPTON, LLC
> 6 North Bradford Street
> Dover, DE 19904

/s/ Phillip Mellet
Phillip Mellet (Del Bar ID 4741)